FILED BY_____D.C.

05 SEP -9 AM II: 10

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W.D. OF TN, JACKSON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

KIMBERLY CRUSE,

      Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

No. 04-1341-T

---

## ORDER

---

Plaintiff filed this action on December 27, 2004, and summonses were issued on that same date.[1] On August 30, 2005, Plaintiff was ordered to provide to the court an explanation as to why Defendant has not been served with process and to show cause why the action should not be dismissed. Plaintiff filed her response on September 2, 2005.

Plaintiff's counsel states that (1) his office did not receive a copy of the order granting the motion to proceed *in forma pauperis* because an incorrect address was used and (2) his legal assistant was never given instructions by the Clerk's Office as to whether the summonses would be served by the United States Marshal or by Plaintiff's counsel.

---

1 Plaintiff's motion to proceed *in forma pauperis* was granted on April 8, 2005.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _09-09-05_



As an initial matter, the court notes that the complaint has been on file for over eight months. Although Plaintiff's counsel acknowledges a general "duty of counsel to monitor the status of litigation filed," Response at p. 3, no effort was made by counsel to determine the status of the case. The court is left to wonder how long the complaint would have languished before counsel realized that Defendant had not been served with process.

It is an attorney's responsibility to notify the Clerk's Office of any changes or corrections that should be made to the address portion of the court's docket. If the Clerk's Office has an incorrect address for Plaintiff's counsel, then a letter to the Clerk's Office to that effect should remedy the situation. If counsel has previously notified the Clerk's Office of a change in his address, then the Clerk's Office should make that change immediately.

It is difficult to believe that Plaintiff's counsel would not receive mail that was addressed to him by name at Byrd, Donahoe & Byrd, PLLC, rather than at Byrd & Byrd, PLLC.[2] If this is true, then it is an indication of shortcomings on the part of the United States Postal Service. Moreover, Plaintiff's counsel's mail is sent to a post office box. The name of the firm should be irrelevant to the delivery of his mail to that box.

Counsel also complains that his mail from the court has been sent to a 38301 zip code instead of 38302.[3] Again, it is difficult to understand why counsel did not receive the *in*

---

2  The only document filed by Plaintiff in this matter that lists counsel's firm name is the response to the show cause order. All other documents merely state counsel's name and office address.

3  Attorneys are encouraged to use the faxback service provided by the court which allows counsel to receive orders overnight, eliminating the need for postal delivery and avoiding the problem of non-delivery.

*forma pauperis* order that was sent to his correct post office box, even if an incorrect zip code was used. The court is puzzled as to why the "undelivered" order was not returned by the Postal Service.[4]   However, for the purpose of deciding this matter, the court will assume that counsel did not receive the *in forma pauperis* order.[5]

Counsel also complains that his legal assistant asked for instructions on how to proceed and was told by a deputy clerk that she would be notified as to whether counsel would be expected to serve Defendant or whether "service would be effectuated by the Clerk's office." Response at p. 2. First of all, the Clerk's Office does not effectuate service of process.  Second, while it is true that the court did not indicate in the order whether Plaintiff's counsel or the Marshal's Office would serve process, Plaintiff's counsel did not ask the court in either the complaint or the proposed *in forma pauperis* order to order service by the Marshal.

Counsel cites a prior case, <u>Banks v. Barnhart</u>, case number 04-1216-T, in which counsel's office served process, as did the United States Marshal.  Counsel states that his legal assistant was instructed that, in the future to avoid duplication, she should not  serve process unless told to do so by the Clerk's Office or unless counsel received an order from

---

4  Interestingly, the *in forma pauperis* order appears to be the only one that counsel did not receive.  The order to show cause was sent to the same "incorrect" address but was received by counsel.

5  Putting forth the simple explanation that counsel did not receive the *in forma pauperis* order, instead of trying to cast blame on the Clerk's Office, would have been a better, and entirely sufficient, response.

the court. Plaintiff states that <u>Banks</u> presented the "exact situation" as that in the present case. Response at p. 3. Plaintiff is in error.

In <u>Banks</u>, the order granting the motion to proceed *in forma pauperis* directed that service be made by the United States Marshal.[6]  In the present case, no such relief was requested or granted.  Therefore, it was incumbent upon counsel's office to serve process. Plaintiff's counsel prepared both proposed orders and presented them to the court.  He received the relief that he requested in both cases.  There was no need for the Clerk's Office to issue any further "instructions."

To avoid any further miscommunication as to who will serve process in an *in forma pauperis* case, the court urges counsel and his staff to always review the proposed order granting *in forma pauperis* status.  If the Marshal is not directed to serve Defendant with process, then it is the responsibility of counsel's office to do so.  If the Marshal is directed to serve Defendant with process, then the Marshal will do so.  If counsel needs any clarification as to the contents of a court order, he should file a motion with the court, rather than seeking advice from the Clerk's Office.

Plaintiff's response contains a request for additional time in which to effectuate service of process.

---

6  It is unclear why counsel's office served Defendant with process in <u>Banks</u> when the order directed the Marshal to do so.

Rule 4(m) of the Federal Rules of Civil Procedure requires service of the summons and complaint to be made on a defendant within 120 days after the filing of the complaint unless good cause is shown by the plaintiff as to why this time period should be extended. In relevant part, Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The first clause of Rule 4(m) indicates that a district court shall either (1) dismiss a complaint without prejudice or (2) direct that service be effected within a specified time, if a plaintiff fails to serve a summons and complaint within 120 days after filing the complaint. The second clause of Rule 4(m) states that a district court shall extend the time for service if a plaintiff demonstrates good cause for failing to comply with the 120 day time requirement.  The Advisory Committee notes explain that:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, **and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown**.... Relief may be justified, for example, if the applicable statute limitations would bar the refiled action....

Advisory Committee Notes on Fed. R. Civ. P. 4(m) (1993) (emphasis added).

In Henderson v. United States, 517 U.S. 654 (1996), the Court acknowledged the Advisory Committee notes, stating: "Most recently, in 1993 amendments to the Rules, courts

have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" Id. at 662.[7] Accord Johnson v. Hayden, 2000 WL 1234354 (6th Cir.) ("Rule 4(m) provides significantly more discretion for the district court to grant an extension of time to serve process than did the former Rule 4(j), and no longer requires district courts to find good cause before granting such an extension." (citations omitted)).

Therefore, this court concludes that it may, in its discretion, extend the 120-day period for Plaintiff to effect service, and the court finds such exercise of its discretion appropriate in the present case. See May v. Oklahoma Dept. of Corrections, 2000 WL 633244 (10th Cir.) (Pursuant to Rule 4(m), a district court should take a two-step approach to extensions of time for service. The court should first inquire whether the plaintiff has established good cause for failing to effect timely service, and, if so, the court must extend the time for service. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.)

---

[7]   Rule 4(m), which became effective on December 1, 1993, replaced former Rule 4(j), with respect to the timing requirements for effecting proper service of process. See Byrd v. Stone, 94 F.3d 217, 219 n. 2 (6th Cir.1996). Former Rule 4(j) provided:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Construing former Rule 4(j), the Sixth Circuit held that "[a]bsent a showing of good cause to justify a failure of timely service, Fed. R. Civ. P. 4(j) compels dismissal." United States v. Gluklick, 801 F .2d 834, 837 (6th Cir.1986).

It appears that, if the action is dismissed pursuant to the first clause of Rule 4(m), Plaintiff's action may be time-barred. Additionally, it does not appear that Defendant Commissioner will be prejudiced by granting Plaintiff additional time to effectuate service.

The court finds it appropriate, after considering all of the facts and circumstances, to exercise its discretion and extend Plaintiff's time for effecting service of process. Plaintiff will have twenty (20) days from the entry of this order to properly serve Defendant.

IT IS SO ORDERED.


_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_8 September 2005_____
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in
 case 1:04-CV-01341 was distributed by fax, mail, or direct printing on
September 9, 2005 to the parties listed.

---

Joe H. Byrd
BYRD DONAHOE & BYRD
P.O. Box 2764
Jackson, TN 38302--276

Joe H. Byrd
BYRD DONAHOE & BYRD
P.O. Box 2764
Jackson, TN 38301--276

Honorable James Todd
US DISTRICT COURT